MILLER & GAUDIO, P.C.
104-110 Maple Avenue
Red Bank, New Jersey  07701
(732) 741-6769
(732) 747-6016 (FAX)
Frank S. Gaudio, Esq.
ID#018921983
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VILMA AREVALO, LEYDI LEMOS, MICHELLE YUNGA, JOSELYN CONCE AND LIZBETH ITURRIAGA,<br><br>                    Plaintiffs,<br><br>vs<br><br>SELDAT DISTRIBUTION, INC., SELDAT DISTRIBUTION CORPORATION AND DANIEL DADOUN,<br><br>                    Defendants. | CIVIL ACTION<br>DOCKET NO.: 16-712<br><br><br><br>ANSWER AND AFFIRMATIVE DEFENSES REQUEST FOR STATEMENT OF DAMAGES, JURY DEMAND. |

Defendants, Seldat Distribution, Inc., Seldat Distribution Corporation and Daniel Dadoun, (hereinafter collectively referred to as "Defendants") state:

## INTRODUCTION

1. Neither admitted nor denied but Plaintiffs are left to their proofs.

## JURISDICTION AND VENUE

2. Neither admitted nor denied but Plaintiffs are left to their proofs.

3. Neither admitted nor denied but Plaintiffs are left to their proofs.

4. Neither admitted nor denied but Plaintiffs are left to their proofs.

## PARTIES

5. Neither admitted nor denied since same is not statement of fact.

6. Admitted.

7. Admitted.

8. Neither admitted nor denied since Defendant's entity is misnamed.

9. Admitted.

10. Neither admitted nor denied but Plaintiffs are left to their proofs.

## FACTUAL BACKGROUND

11. Neither admitted nor denied since same is not statement of fact.

12. Admitted as to employment.

13. Admitted as to employment and termination date.

14. Admitted as to employment.

15. Admitted as to employment and termination date.

16. Admitted as to employment.

17. Admitted as to employment and termination date.

18. Admitted as to employment.

19. Admitted as to employment and termination date.

20. Admitted as to employment.

21. Admitted as to employment and termination date.

22. Neither admitted nor denied but Plaintiffs are left to their proofs.

23. Neither admitted nor denied but Plaintiffs are left to their proofs.

24. Neither admitted nor denied but Plaintiffs are left to their proofs.

25. Neither admitted nor denied but Plaintiffs are left to their proofs.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Neither admitted nor denied but Plaintiffs are left to

their proofs.

32. Neither admitted nor denied but Plaintiffs are left to their proofs.

33. Neither admitted nor denied but Plaintiffs are left to their proofs.

34. Neither admitted nor denied but Plaintiffs are left to their proofs.

35. Neither admitted nor denied but Plaintiffs are left to their proofs.

36. Neither admitted nor denied but Plaintiffs are left to their proofs.

37. Admit, but denied as to defamatory statements.

38. Denied.

39. Denied.

40. Denied.

### First Cause of Action
### Violations of the Fair Labor Standards Act ("FLSA")
(Unpaid Overtime Compensation)
-Plaintiffs Arevalo, Lemos, Yunga, and Conce v. All Defendants -

41. Neither admitted nor denied since same is not statement of fact.

42. Admitted.

43. Admitted.

44. Neither admitted nor denied but Plaintiffs are left to

their proofs.

45. Neither admitted nor denied but Plaintiffs are left to their proofs.

46. Neither admitted nor denied but Plaintiffs are left to their proofs.

47. Neither admitted nor denied but Plaintiffs are left to their proofs.

48. Denied.

49. Denied.

WHEREFORE, Defendants respectfully demand the following relief from the Court:

    a. dismissal of Plaintiff's Complaint with prejudice;

    b. the entry of judgment in favor of Defendants against Plaintiff;

    c. attorney's fees, interest and cost of suit; and,

    d. any other relief this Court deems just.

### Second Cause of Action
### Violations of the Fair Labor Standards Act ("FLSA")
### (Retaliation)
### -Plaintiffs Arevalo, Lemos, Yunga, and Conce v. All Defendants-)

50. Neither admitted nor denied since same is not a statement of fact.

51. Admitted.

52. Denied.

53. Denied.

54. Denied.

WHEREFORE, Defendants respectfully demand the following relief from the Court:

    a. dismissal of Plaintiff's Complaint with prejudice;

    b. the entry of judgment in favor of Defendants against Plaintiff;

    c. attorney's fees, interest and cost of suit; and,

    d. any other relief this Court deems just.

### Third Cause of Action
### Violations of the New Jersey Wage & Hour Law(s) and the NJ Wage Payment Law(s)
### (Unpaid Overtime Compensation and Wages)
### -Plaintiffs Arevalo, Lemos, Yunga, and Conce v. All Defendants-

55. Neither admitted nor denied since same is not a statement of fact.

56. Denied.

57. Denied.

WHEREFORE, Defendants respectfully demand the following relief from the Court:

    a. dismissal of Plaintiff's Complaint with prejudice;

    b. the entry of judgment in favor of Defendants against Plaintiff;

    c. attorney's fees, interest and cost of suit; and,

    d. any other relief this Court deems just.

**Fourth Cause of Action**
<u>Violations of the Conscientious Employee Protection Act ("CEPA")</u>
(Retaliation - Wrongful Termination)
-Plaintiffs Arevalo, Lemos, Yunga, and Conce v. All Defendants-

58. Neither admitted nor denied since same is not a statement of fact.

59. Neither admitted nor denied but Plaintiffs are left to their proofs.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

WHEREFORE, Defendants respectfully demand the following relief from the Court:

    a. dismissal of Plaintiff's Complaint with prejudice;

    b. the entry of judgment in favor of Defendants against Plaintiff;

    c. attorney's fees, interest and cost of suit; and,

    d. any other relief this Court deems just.

**Fifth Cause of Action**
<u>New Jersey Common Law</u>
(Defamation)
-All Plaintiffs v. All Defendants-

64. Neither admitted nor denied since same is not a statement of fact.

65. Admitted, but denied as to defamatory statements.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

WHEREFORE, Defendants respectfully demand the following relief from the Court:

    a. dismissal of Plaintiff's Complaint with prejudice;

    b. the entry of judgment in favor of Defendants against Plaintiff;

    c. attorney's fees, interest and cost of suit; and,

    d. any other relief this Court deems just.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Answering Defendants at all times acted pursuant to the lawful authority invested in it by the State. All acts so performed were the result of the appropriate exercise of

answering Defendants' discretion, judgment and duty as employer.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants acted at all relevant times with good faith and without any fraud or malice.

### FOURTH AFFIRMATIVE DEFENSE

Defendant, Daniel Dadoun, never acted in his individual capacity, but in his capacity on behalf of the Corporate entity. Therefore, there is no basis for individual claims or liability.

### FIFTH AFFIRMATIVE DEFENSE

All personnel actions taken with regard to Plaintiff were done for non-discriminatory, legitimate business reasons.

### SIXTH AFIRMATIVE DEFENSE

Plaintiff suffered no harassment, discriminatory or retaliatory treatment.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants have a policy against discrimination, harassment and retaliation which Plaintiff unreasonably failed to utilize.

### EIGHTH AFFIRMATIVE DEFENSE

Damages are barred and/or subject to the limitations and reductions on damages set forth in N.J.S.A. 59:8-1, *et seq*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages are as a result of their own actions and not that of the Defendants.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendants were not negligent and violated no duty to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of Plaintiff's negligence and fault.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to attorneys' fees, costs of suits and such other relief as the Court deems proper.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is frivolous and states no substantial issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver, collateral estoppel and res judicata.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by the Plaintiff are the result of the actions of third parties over whom the answering Defendants exercised no authority or control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of available preventative or corrective opportunities provided by the answering Defendants or to avoid harm otherwise.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not know of, create, aid, abet, and condone any action negatively affecting Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims of harassment and/or retaliation are precluded by the absence of any adverse employment action taken against Plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendants reserve the right pending the completion of discovery to assert such additional defensed as may exist.

### **RESERVATION OF RIGHTS**

The Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or for summary judgement, on the grounds that the Complaint fails to state a claim upon which relief can be granted and/or the Defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

REQUEST FOR STATEMENT OF DAMAGES

Pursuant to Fed.R.Civ.P. 8.1, Defendants hereby request that, within ten days after service of this Answer, Plaintiff furnish a written statement of damages claimed.

**JURY DEMAND**

Defendants demand a trial by jury on all issues in the cause.

**CERTIFICATION PURSUANT TO FED. CIV. P. 11-2**

Following my initial review of this matter, it appears there is the State Court Action related to this suit which is pending entitled Seldat Inc. et al. v. Arevallo, et al., Docket No. MER-L-2431-15. Additionally, based upon my initial review of this matter, it appears there are no other persons who should be joined as parties.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Frank S. Gaudio, Esq., is hereby designated as trial counsel.

DATED: April 1, 2016

MILLER & GAUDIO, P.C.

s/Frank S. Gaudio, Esq.
_____
Attorney for Defendants
MILLER & GAUDIO, P.C.
104-110 Maple Avenue
Red Bank, New Jersey  07701
Attorney ID#018921983