

# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

3331 Street Road, Suite 128
Two Greenwood Square
Bensalem, PA 19020
Tel: (215) 639-0801
Fax: (215) 639-4970
cburke@karpf-law.com

October 31, 2018

**VIA E-MAIL**
**AND VIA ECF**

The Honorable Tonianne J. Bongiovanni
United States District Court, District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   **Re:**  *Vilma Arevalo, et al. v. Seldat Distribution, Inc., et al.*
      **Civil Action No.: 16-712**

Dear Judge Bongiovanni:

  My office represents Plaintiffs in the above-referenced matter. On October 19, 2018, Plaintiff presented a letter to this Court identifying numerous discovery disputes and deficiencies, including Individual Defendant Daniel Dadoun's failure to provide a slew of documents identified in his July 26, 2018 deposition. *See* Exhibit 1, attached hereto (which specifies 11 different categories of documents he testified he possessed and did not produce). Given the prior delays by Individual Defendant Daniel Dadoun throughout out this case, this Court Ordered 1.) a firm date for his supplemental document production to be made -- <u>on or before October 25, 2018</u>, and 2.) a Court Ordered date for Mr. Dadoun's continued deposition (which is set for November 21, 2018) since he previously would not appear on his own volition (as outlined in Exhibit 1).

  During the Parties' October 19, 2018 status call, this Court urged that if Mr. Dadoun did not cooperate this time (despite the kindness extended in giving him yet another month to turn over the documents sought), to please let the Court know via letter and Your Honor would immediately intervene so that Mr. Dadoun could not again avoid his discovery obligations and hinder the occurrence of his Court Ordered November 21, 2018 deposition.

  To date, Mr. Dadoun has produced <u>not a single document</u> in response to the outstanding requests.


# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

This case has been pending since February of **2016**. Discovery could have long since been concluded in this matter if Mr. Dadoun would simply cooperate. Instead, the sole reasons he even sat for his 1st deposition was ultimately by way of a Court Order. Thereafter, he refused to provide any supplemental (and material documents) identified in his deposition in this FLSA suit. Again, the Court had to Order that he produce same, and Order that he appear for another deposition (as Plaintiffs' Counsel attempted to do so through his attorneys without success). October 25, 2018 has passed by more than a week, and he still has no explanation for his clear disregard of this Court's Order.

Therefore, Plaintiffs respectfully seeks a telephonic conference and leave of this Honorable Court to hold a hearing on appropriate sanctions, as Mr. Dadoun's conduct necessitates a consideration of the *Poulis* factors. *See Ucciardi v. E.I. DuPont de Nemours & Co*., Civil Action No. 13-4952 (FLW), 2016 U.S. Dist. LEXIS 38082, at *25 (D.N.J. Feb. 26, 2016)(J. Bongiovanni)(assessing the *Poulis* factors and imposing sanctions due to "multiple failures to comply with the Court's Orders requiring her to produce information concerning her emotional distress claim demonstrate a pattern of non-compliance with her obligations under the Federal Rules of Civil Procedure as well as a disregard for not only DuPont's resources, but this Court's as well.")

Respectfully Submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/   Christine E. Burke*
Christine E. Burke, Esq.

Encl.
cc:  Patrick Tobia, Esq. (via ECF only)